setting forth the reasons for this order pursuant to Rule 84.16(b).

■

**James WOOD, Respondent,**

v.

**MEHLVILLE FIRE PROTECTION DISTRICT, Appellant,**

and

**Division of Employment Security, Respondent.**

**No. ED 99065.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 28, 2013.

Matthew E. Hoffman, St. Louis, MO, for appellant.

James Wood, O'Fallon, MO, Pro Se.

Bart A. Matanic, Jefferson City, MO, for Respondent.

Before ROBERT G. DOWD, JR. P.J. and ROY L. RICHTER and ANGELA T. QUIGLESS, JJ.

**ORDER**

PER CURIAM.

Mehlville Fire Protection District ("Employer") appeals the decision of the Labor and Industrial Relations Commission ("the Commission") finding James Wood ("Claimant") qualified for unemployment benefits. The Commission determined that Employer had failed to provide evidence that the drug test of Claimant was performed, recorded, or reported in accordance with 49 C.F.R., Part 40 as required by Section 288.045.6, RSMo 2000.[1] Employer argues it satisfied every relevant provision of Section 288.045.

We have reviewed the briefs of the parties and the record on appeal. We find no error of law. The Commission's determination was supported by sufficient competent evidence and was not procured by fraud. No jurisprudential purpose would be served by a written opinion. However, the parties have been furnished with a memorandum opinion for their information only, setting forth the facts and reasons for this order. The judgment of the motion court is affirmed. Rule 84.16(b).

---

1. All further statutory references are to RSMo 2000.